I concur in the result reached by the majority. I write also to note that I concur as well with Justice Sullivan that within the peculiar context of this particular case, Spencer's failure to assert his right to speedy trial during the period between his arrest and his appointment of counsel should not be weighed heavily against him. See, Trotter v. State, 554 So.2d 313, 317 (Miss. 1989). Whether this factor is weighed heavily or lightly, in this case the result should be the same. Ordinarily, however, such a failure should weigh heavily against a defendant seeking discharge for violation of his right to a speedy trial. Adams v.State, 583 So.2d 165 (Miss. 1991).
This comports with Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972) and common sense. We do not say that the right is waived by the failure to assert it. Oppressive conduct on the part of the state or actual prejudice to the defendant may be of sufficient weight to overcome the failure to assert the right. Similarly, there may be circumstances where the failure to assert the right is mitigated. See, Trotter, supra.
It would be folly, however, to ignore the fact, recognized by theBarker court, that often delay is the criminal defendant's ally. While the public may have a valid interest in swift justice, expanding the criminal defendant's right to speedy trial beyond what is necessary to protect the core value of that individual right is a poor way to serve that interest.
I also agree with what Justice Sullivan has written with regard to the application of the 270-day rule to the analysis of the constitutional guarantee to a speedy trial.
ROY NOBLE LEE, C.J., joins in this concurring opinion.
SULLIVAN, J., concurs in part.
 *Page 428